## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| **ALFRED MUSA,** | * | | |
| | * | | |
| *Petitioner/Defendant* | * | | |
| | * | **CIVIL NO.** | **GLR-19-1169** |
| **v.** | * | **CRIMINAL NO.** | **GLR-15-0247** |
| | * | | |
| **UNITED STATES OF AMERICA,** | * | | |
| | * | | |
| *Respondent* | * | | |
| | ****** | | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The United States of America respectfully submits the following opposition to Petitioner Alfred Musa's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The Petitioner claims that his conviction should be vacated for two reasons. First, that his guilty plea was not knowing and voluntary because he was provided ineffective assistance of counsel; and second that he is actually innocent of the charges to which he pled guilty. Petitioner's claims are procedurally barred and substantively meritless.

## PROCEDURAL AND FACTUAL BACKGROUND

### A.    Procedural History

On September 10, 2015, a federal grand jury returned a Superseding Indictment charging Petitioner, Alfred Musa, and others with conspiracy to commit access device fraud, aggravated identity theft, bank fraud, and other related charges. ECF 20. A motions hearing was scheduled for November 8, 2016, with a jury trial to follow and begin on November 21, 2016.  ECF 106.

On November 8, 2016, the day of the scheduled motions hearing, Petitioner pled guilty, pursuant to a written plea agreement, to counts one (conspiracy to commit access device fraud),

three (aggravated identity theft) and nine (identification document fraud) of the Superseding Indictment.  ECF 184.

On November 16, 2016, Petitioner's counsel filed a letter with the court stating that Petitioner wanted to withdraw from his guilty plea.  ECF 190.  New counsel was appointed, and, on February 6, 2017, Petitioner filed a motion to withdraw his guilty plea claiming that he never received "competent or coherent legal advice."  ECF 207.  On April 12, 2017, following a hearing on the above motion, this Court denied Petitioner's motion to withdraw guilty plea.  *See* Ex. A. On June 23, 2017, Petitioner was sentenced to 120 months' imprisonment.  ECF 297.

On October 18, 2019, Petitioner appealed to the Fourth Circuit challenging the district court's denial of his motion to withdraw his guilty plea, contending that plea counsel rendered ineffective assistance and that he was legally innocent of the charges.  *See* Ex. B.  On April 27, 2019, the Fourth Circuit concluded that the district court did not abuse it's discretion in denying Petitioner's motion to withdraw and noted that Petitioner "made no credible assertion of legal innocence" and "fail[ed] to point to any evidence of ineffectiveness" with respect to plea counsel. *See United States v. Musa*, 721 Fed. Appx. 250, 251 (4th Cir. 2018) (unpublished).  The district court's decision was affirmed.

On April 22, 2019, Petitioner filed this Motion to Vacate, Set Aside or Correct the Sentence, pursuant to 28 U.S.C. § 2255.  ECF 382.

B.      **Offense Facts**

Petitioner was initially charged by criminal complaint with aggravated identity theft and access device fraud on April 9, 2015, and then by indictment on May 7, 2015.  ECF 1.  On September 10, 2015, a federal grand jury returned a Superseding Indictment further charging Petitioner and others with conspiracy to commit access device fraud, aggravated identity theft, bank fraud, and identification document fraud.  ECF 20.

A motions hearing was scheduled for November 8, 2016, to litigate at least five substantive pretrial motions.  ECF 106.  The motions consisted of, among other, a motion to suppress evidence, including the cell phones recovered from Petitioner at the time of his arrest, ECF 90, and a motion for a *Franks* hearing wherein Petitioner claimed that government agents made "misstatements and omissions" in affidavits to search those cell phones, ECF 108, 141, 142.  On the morning of the scheduled motions hearing, Petitioner's counsel, John McKenna, informed the court that Petitioner "for the first time indicated that he might want to entertain a plea offer" and asked for a brief opportunity to entertain a resolution to the case.  Ex. D at 4-5.  Later that day, Petitioner forewent his motions hearing and entered a guilty plea, pursuant to a plea agreement, to counts one (conspiracy to commit access device fraud), three (aggravated identity theft) and nine (identification document fraud) of the Superseding Indictment.  ECF 184.

A thorough Rule 11 proceeding was conducted.  Petitioner was sworn, answered the district court's questions, and indicated that he understood the rights he was giving up and the nature of the charges to which he was pleading guilty.  *See* Ex. D.  The court asked the prosecutor to recite the agreed-upon statement of facts.  *Id.* at 54-60.  The parties agreed that Petitioner conspired with others to obtain gift cards, cellular telephones, and other items through fraudulent means.  *Id.* Specifically, Petitioner and his co-conspirators fraudulently obtained the identities of more than 90 people, opened credit cards in their names, and then purchased goods such as phones and sold them to third parties for profit.  *Id.*  The evidence against Petitioner included texts he sent from a cell phone which was recovered from him during a traffic stop; evidence from the execution of a search warrant at an apartment used by Petitioner, which included numerous bank statements and customer account information; and evidence from his arrest wherein he gave Montgomery County police authorities fake identity information.  *Id.*  Petitioner agreed that the statement of facts was accurate. *Id.* at 60.

The district court also reviewed portions of the plea letter.  Specifically, in the written plea agreement, Petitioner acknowledged that he carefully reviewed the agreement with his attorney, that he understood the terms of the agreement, and that he voluntarily agreed to its terms.  ECF 184.  He further certified that he was "completely satisfied with the representation of [his] attorney."  *Id.*  At the plea colloquy, Petitioner, under oath, reaffirmed that he had both signed the agreement and that that it was true and accurate.  Ex. D at 17.  During the Rule 11 proceeding, the court repeatedly engaged Petitioner in a colloquy regarding his attorney, asking Petitioner if he had "fully discussed the charges in the Superseding Indictment and the case in general with [his] attorney, Mr. McKenna?" to which Petitioner responded, "Yes, Your Honor."  *Id.* at 14.  The district court also inquired, "And are you fully satisfied with the legal representation that you have received from Mr. McKenna? In other words, do you believe he's been a zealous and effective legal advocate on your behalf?" and Petitioner responded, "Yes, Your Honor."  *Id.*  Petitioner raised no objections to his counsel, or his counsel's advice.  Finally, before accepting Petitioner's guilty plea, the court inquired: "Mr. Musa, do you have any questions, concerns, hesitation at all regarding the very important constitutional rights [you are giving up] by entering this guilty plea?" and Petitioner responded, "No, Your Honor."  *Id.* at 62.

Having been advised and questioned by the district court pursuant to Rule 11, Petitioner ultimately pled guilty to counts one, three, and nine of the Superseding Indictment.  The district court found that Petitioner's decision to plea was knowing, voluntary, and supported by an independent basis in fact.  The court therefore accepted the guilty plea.  *Id.* at 63. Sentencing was scheduled for February 9, 2017.  *Id.* at 64.

On November 16, 2016, Petitioner's counsel filed a letter with the court stating that Petitioner indicated his desire to withdraw from his guilty plea and requesting an attorney inquiry hearing.  ECF 190.  On November 18, 2016, new counsel was appointed.  On February 6, 2017,

Petitioner filed a motion to withdraw his guilty plea claiming that he never received "competent or coherent legal advice." ECF 207. Thereafter, another attorney inquiry was held, and on March 7, 2016, new counsel was again assigned.

On April 12, 2017, the district court heard arguments on Petitioner's motion to withdraw his guilty plea. *See* Ex. A. During the hearing, Petitioner alleged that, at the time of the Rule 11 proceeding, he believed his counsel to be unprepared for the motions hearing and therefore he was "induced into taking a plea." *Id.* at 7. Petitioner further claimed that his statements under oath during the plea colloquy were false. *Id.* at 9-10. He claimed to have lied to the court when he told the court that he was not induced or coerced to plea and when he stated that he was perfectly happy with his counsel. *Id.* Petitioner requested an evidentiary hearing in order for him to present evidence regarding the cell phones and cell phone records to support his claim that counsel was unprepared and that the evidence against him was untrustworthy. *Id.* at 13-14.

The court rejected Petitioner's arguments. The court found, after analyzing the factors set forth in *United States v. Moore*, 931 F.2d 245 (4th Cir. 1991): (1) that the court's colloquy with Petitioner at the Rule 11 proceeding was both thorough and exhaustive; (2) that Petitioner presented no credible evidence that his plea was not knowing and voluntary; (3) that Petitioner presented no credible claim of legal innocence nor presented a proffer which would "support a conclusion and requirement of an evidentiary hearing;" (4) that Petitioner's attorney's performance did not fall below the objective standard of reasonableness; and (5) that, although there was minimal delay in the filing of the motion which weighed in favor of Petitioner, this alone was not dispositive. *Id.* at 23-28. The court also noted that there would be some inconvenience to the court and waste of judicial resources, but that that court would "not give a tremendous amount of weight to" that factor. *Id.* at 27. The court concluded that Petitioner did not meet "his heavy burden to establish a meritorious argument" and denied the motion. *Id.* at 27-28.

Petitioner filed a direct appeal on October 18, 2019 challenging the district court's denial of his motion to withdraw his guilty plea, again contending that plea counsel rendered ineffective assistance because counsel was unprepared and the evidence against him was untrustworthy.  *See* Ex. B.  In his opening brief, Petitioner specifically alleged that "records provided or evidence relied upon by the government were unreliable or inaccurate."  *Id.* at 6.  Petitioner again listed specific facts – focused primarily on cell phone evidence and records – which he believed were inaccurate. *Id.* at 6-8.

On April 27, 2019, the Fourth Circuit held that the district court did not abuse it's discretion in denying Petitioner's motion to withdraw.  *See Musa*, 721 Fed. Appx. at 251.  The Fourth Circuit noted that "[t]he district court conducted a comprehensive Rule 11 hearing prior to accepting Musa's guilty plea and Musa fails to overcome the strong presumption that his guilty plea is final and binding."  *Id.*  The Court went on to say that Petitioner "also makes no credible assertion of legal innocence.  *Id.*  Further, Musa swore under oath that he was satisfied with counsel's representation at the plea hearing and, beyond his bare assertions, Musa fails to point to any evidence of ineffectiveness."  *Id.*  Finally, the Court noted that Petitioner was not entitled to an evidentiary hearing because he failed to make a showing "that a fair and just reason supports his request to withdraw."  *Id.* at 252.  The decision was affirmed.

## ARGUMENT

In this pending motion, Petitioner again asserts that he is entitled to relief because his plea was not knowing and voluntary, his counsel was ineffective, and he is actually innocent of all of the charges.  All of these claims have already been litigated, both at the district court and appellate level, and Petitioner has identified no exception to the bar on relitigation.  He makes no new credible claims of error.  His claims are, therefore, procedurally barred, substantively without merit, and should be denied.

**A. Petitioner's Arguments Are Procedurally Barred**

In his present filing, Petitioner fails to raise any new legal claim that was not raised in a prior criminal proceeding – specifically in his motion to withdraw from his guilty plea or in his direct appeal. The Supreme Court has held that "at least as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016); *see Reed v. Farley*, 512 U.S. 339, 358, (1994) ("[C]laims will ordinarily not be entertained under § 2255 that have already been rejected on direct review"); *Withrow v. Williams*, 507 U.S. 680, 720–21 (1993) ("[A]bsent countervailing considerations, district courts may refuse to reach the merits of a constitutional claim previously raised and rejected on direct appeal"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) ("the courts . . .forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal").

The Fourth Circuit has similarly held that federal prisoners "will not be allowed to recast, under the guise of collateral attack, questions fully considered by [the] court" and denied duplicative claims brought under § 2255. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) ("Boeckenhaupt will not be allowed to recast, under the guise of collateral attack, questions fully considered by this court in 1968."); *United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009) ("Linder may not circumvent a proper ruling on his Booker challenge on direct appeal by re-raising the same challenge in a § 2255 motion."); *Herman v. United States*, 227 F.2d 332, 332 (4th Cir. 1955) ("The motion raised no questions which were not fully considered on the appeal from the judgment and sentence."); *see also Haynes v. United States*, 451 F. Supp. 2d 713, 722 (D. Md. 2006) ("Since Haynes received a full and fair opportunity to litigate the circumstances surrounding his confession both at trial and on direct appeal, he cannot relitigate the issue in a § 2255 motion."); *Sodipo v. United States*, 2016 WL 6803765, at *8 (D. Md. Nov. 17, 2016) ("Issues

fully considered on appeal are not subject to collateral attack, absent an intervening change in the law."). To overcome this bar on relitigation, federal prisoners must demonstrate "highly exceptional circumstances." *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Typically this requires a showing of an intervening change in the substantive law. *See Davis v. United States*, 417 U.S. 333, 342 (1974).

In the instant case, Petitioner raises precisely the same claims that he raised previously – that his plea was not knowing and voluntary, that he received ineffective assistance of counsel, and that he is innocent because, according to Petitioner, certain evidence against him was unreliable. The crux of Petitioner's claims, as it has been in all of his prior proceedings, is that he is innocent of the crimes to which he pled guilty, but that he did so because of unreliable and inaccurate cell phone evidence. In this filing Petitioner goes a step further and accuses – with no independent support whatsoever – the government of gross misconduct, including allegations that government agents manufactured evidence, altered records, and destroyed evidence. Petitioner's self-serving assertions are completely unsupported and, although significantly couched in more inflammatory language, are substantively identical to those previously raised. This is precisely the kind of "recast[ing], under the guise of collateral attack" which has been barred by the Fourth Circuit. *Boeckenhaupt,* 537 F.2d at 1183; *Sodipo,* 2016 WL 6803765, at *8. Petitioner fails to demonstrate any "exceptional circumstances" that would necessitate relitigation of these claims. Instead he puts forth the same arguments that were the subject of his motion to withdraw his guilty plea (s*ee* ECF 207), and his direct appeal, (s*ee* Ex. B), both of which were denied on the merits, this time adding more baseless allegations of wrongdoing on the part of the government.

Petitioner was afforded a hearing on his motion to withdraw in the district court and filed a direct appeal. The ends of justice are not served by allowing a final judgment of conviction to

be reopened in a case such as this, in which the Petitioner was twice afforded a full and fair opportunity to advance his claims.  The motion should, therefore, be denied.

### B.  Petitioner's Claims Should Be Denied on the Merits

Even if Petitioner's claims were not precluded, they should be denied on the merits for the reasons stated by this Court in its ruling on April 12, 2019, *see* Ex. A, and by the Fourth Circuit in *United States v. Musa*.[1]

First, Petitioner's plea was knowing and voluntary.  "The district court conducted a comprehensive Rule 11 hearing prior to accepting Musa's guilty plea and Musa fails to overcome the strong presumption that his guilty plea is final and binding."  *Musa,* 721 Fed. Appx. at 251.

Second, Petitioner  "makes no credible assertion of legal innocence." *Id.*   As this court noted, "there is overwhelming evidence supporting Mr. Musa's guilt without the individual cell phone data through video surveillance and other records and documents."   Ex. A at 25.  Furthermore, regardless of whether Petitioner has asserted a credible claim of legal innocence, which he has not,[2] he cannot overcome the fact that he thrice adopted the stipulated facts during his plea – once in writing and twice in open court while under oath.  Those facts establish beyond a reasonable doubt his guilt.  The Court has repeatedly found that "statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing

---

[1] These issues, whether Petitioner's plea was knowing and voluntary, whether Petitioner asserted a claim of legal innocence, and whether Petitioner received the effective assistance of counsel, were fully briefed in Exhibit C.  The Government is prepared to elaborate more fully on these claims should the Court so require.

[2] "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  As this Court and the Fourth Circuit have found, Petitioner has not, and cannot, meet this burden.  His unsupported allegations in the instant filing, likewise, do not meet this standard.

court in accepting a plea constitute a formidable barrier to attacking the plea." *United States v. Wilson*, 81 F.3d 1300, 1308 (4th Cir. 1996).  When signing the plea agreement, Musa admitted that he "read [the] statement of facts," and that he "carefully reviewed it with [his] attorney," and that "it is true and correct."  ECF 184.  At the plea hearing itself, the government read the statement of facts in open court, followed by an exchange during which the court asked "Mr. Musa, is that an accurate summary of the facts contained within Attachment A?" and Petitioner responded, "Yes, Your Honor."  Ex. D at 60.  The Court then inquired, "All right.  You do agree the Government could prove those facts beyond a reasonable doubt to the unanimous satisfaction of a jury had this case gone to trial?" and Petitioner responded, "Yes, Your Honor."  *Id.*  As this court previously noted, Petitioner clearly "knew that he was guilty at the time that he pled guilty," there was "overwhelming evidence supporting Mr. Musa's guilt," and there was "no reason to believe that [the disputed evidence] is unreliable."  Ex. A at 25.

And, finally, Petitioner has failed to establish ineffective assistance of counsel. This Court has already considered this exact issue, and it found that "Musa swore under oath that he was satisfied with counsel's representation at the plea hearing and, beyond his bare assertions, Musa fails to point to any evidence of ineffectiveness."  *Musa,* 721 Fed. Appx. at 251 (citing *Christian v. Ballard*, 792 F.3d 427, 444 (4th Cir. 2015) ("Solemn declarations in open court carry a strong presumption of verity . . . .").

There is no basis upon which to grant relief on these claims and the Court should deny the motion.

### C.  The Court Should Deny Petitioner's Motion Without a Hearing.

The papers and records conclusively show that Petitioner is not entitled to relief. Therefore, the Court should deny his motion without a hearing.  *See* 28 U.S.C. § 2255(b) ("[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no

relief," so "a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily."); *Williams*, 2012 WL 983808, at *2. *See also*, Rule 8, Rules—Section § 2255 Proceedings.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Government respectfully requests that the claim for relief pursuant to 28 U.S.C. § 2255 be denied without a hearing.

Respectfully submitted,

Robert K. Hur
United States Attorney

By:      _____/s/_____
Lauren E. Perry
Assistant United States Attorney
36 South Charles St., 4th Floor
Baltimore, Maryland 21201
Tel.: (410) 209-4800
Fax: (410) 962-0716
Lauren.perry@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 1st day of July, 2019, that a copy of the foregoing Response in Opposition to Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence was served electronically through the Clerk of the United States District Court using CM/ECF, and a paper copy was also mailed to:

> Alfred Musa, *Petitioner/Defendant* (Pro Se)
> I.D. No. 3400292
> Chesapeake Detention Facility
> 401 E. Madison Street
> Baltimore, MD 21202

> _____/s/_____
> Lauren E. Perry
> Assistant United States Attorney